The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADA YEAGER,<br><br>       Plaintiff,<br><br>  v.<br><br>CITY OF SEATTLE, a municipality corporation,<br><br>       Defendant. | No. 2:20-cv-01813 RAJ<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Western District of Washington LCR 26(f) and the Court's Order (Dkt. No. 14), Plaintiff Ada Yeager and Defendant City of Seattle (collectively the "Parties") submit the following Joint Status Report and Discovery Plan:

**1. Statement of the Nature and Complexity of the Case.**

Plaintiff's claims arise out of Defendant's actions in removing an encampment from Cal Anderson Park in Seattle on December 18, 2020, together with certain items Plaintiff allegedly kept at the encampment. Plaintiff alleges, *inter alia*, claims of violation of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Defendant denies Plaintiffs' allegations and

JOINT STATUS REPORT AND
DISCOVERY PLAN (2:20-cv-01813 RAJ) - 1

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

asserts affirmative defenses. Plaintiff filed a motion for a Temporary Restraining Order, which the Court denied. The parties have stipulated (Dkt. No. 16) that Plaintiff will drop her prayer for further preliminary injunctive relief. Neither party deems this case particularly complex.

**2. Proposed Deadline for Joining Additional Parties.**

The Parties respectfully propose a deadline of March 1, 2021 for joining additional parties.

**3. Assignment to Magistrate Judge.**

No.

**4. Proposed Discovery Plan:**

    A. <u>Initial Disclosures.</u>  No substantive deviation from Fed. R. Civ. P. 26(a). The Parties respectfully request to continue the Court's deadline for initial disclosures from January 8, 2021 (*see* Dkt. 14) to January 29, 2021, so that the Parties may further explore early resolution.

    B. <u>Subject, Timing, and Potential Phasing of Discovery.</u>  The Parties expect the topics for discovery to include all asserted claims and defenses. Discovery will be completed at least 120 days prior to the proposed trial date, in accordance with the Court's order. Dkt. 14.

    C. <u>Electronically Stored Information.</u>  The Parties do not currently seek additional management on discovery issues. The Parties do not anticipate electronic discovery to be onerous at this point in time.

    D. <u>Privilege Issues.</u>  Other than discovery topic identified Plaintiff's Anticipated Discovery Sought below at 5(E)(2), the Parties agree that there are no unique or special privilege issues in this matter.

    E. <u>Proposed Limitations on Discovery.</u>  The Parties do not propose any limitations

JOINT STATUS REPORT AND
DISCOVERY PLAN (2:20-cv-01813 RAJ) - 2

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

on discovery.

F. <u>Discovery Related Orders.</u>  The Parties anticipate seeking entry of a protective order to protect sensitive matters, such as personal identity information and tactical/training information, the public disclosure of which would compromise effective law enforcement, or as otherwise permitted under the Federal Rules of Civil Procedure.  The Parties anticipate negotiating and presenting such an order to the Court by February 12.

5. **Local Civil Rule 26(f)(1)**

A. <u>Prompt Case Resolution.</u>  The Parties have communicated about the potential for early resolution.

B. <u>Alternative Dispute Resolution.</u>  The Parties will explore whether to pursue mediation pursuant to Local Civil Rule 39.1 at least 60 days prior to the proposed trial date, but believe at this time that early resolution may be achievable without mediation.

C. <u>Related Cases.</u>  There are currently no related cases pending in the United States.

D. <u>Discovery Management.</u>  The Parties do not believe that this case will require unusual or extensive discovery, or assistance or orders from the Court regarding the scheduling or management of discovery.  The Parties anticipate cooperating with respect to discovery issues as outlined herein, and will cooperate to simplify pretrial matters related to the case to the extent possible.  The Parties anticipate agreeing to email service of discovery documents, where possible.

E. <u>Anticipated Discovery Sought.</u> Plaintiffs anticipate seeking discovery regarding: (1) the factual basis of Defendant's defenses; (2) the source(s) of information

JOINT STATUS REPORT AND
DISCOVERY PLAN (2:20-cv-01813 RAJ) - 3

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

provided by Defense Counsel to the Court during the TRO hearing; (3) Defendant's efforts to ensure that removal of the Cal Anderson encampment complied with the representations made to the Court during the TRO hearing; (3) Defendant's practices regarding the cataloging, storage, and return of property seized during the instant Cal Anderson encampment removal and during previous and subsequent encampment removals; (4) the discretion Defendant vests in individual agents regarding whether to preserve or destroy property seized during the instant encampment removal and during previous and subsequent encampment removals; (5) the training Defendant provides to individual agents regarding whether to preserve property seized during the instant encampment removal and during previous and subsequent encampment removals; (6) the resources and infrastructure Defendant commits to the preservation of property seized during encampment removals and return to rightful owners (including but not limited to "wet" property); (7) Defendant's records regarding the volume of property seized during encampment removals; (8) Defendant's records regarding property that is destroyed during encampment removals; (9) Defendant's records regarding property that is returned to rightful owners; (10) Defendant's efforts to periodically review and improve encampment removal policies and practices regarding the seizure and return of property to rightful owners; (11) Defendant's efforts to compensate rightful owners for personal property that is destroyed as a result of encampment removal; (12) Defendant's efforts to make sanitation amenities available to Cal Anderson campers; (13) Defendant's efforts to make housing resources available to Cal Anderson campers before and after the filing

JOINT STATUS REPORT AND
DISCOVERY PLAN (2:20-cv-01813 RAJ) - 4

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

of this action; (14) statements by Defendant's speaking agents regarding the political nature of the removal of the Cal Anderson encampment; and (15) any other inquiry relevant to the claims or defenses. Defendant reserves all objections to these topics on basis of relevance or any other appropriate grounds.

Defendant anticipates seeking discovery regarding (1) the factual bases for Plaintiffs' claims; (2) Plaintiffs' claimed injuries; (3) Plaintiff's involvement in speech activities at Cal Anderson Park; (4) Plaintiff's ownership of any property taken by Defendant's employees in the course of the removal of the Cal Anderson Park encampment (5) Plaintiff's communications relating to the events at issue and her claimed injuries; (6) Plaintiff's conduct during the removal of the Cal Anderson Park encampment; (7) Photographs and videos in Plaintiffs' possession relating to the events at issue and Plaintiffs' claimed injuries; and (8) documents, records, and other tangible items in Plaintiffs' possession related to the events at issue and Plaintiffs' claimed injuries. Plaintiff reserves all objections to these topics on basis of relevance or any other appropriate grounds.

F. <u>Phasing.</u> Phasing is not currently required in this case, but may be proposed at a later point in the case, depending on case development, needs, and circumstances.

G. <u>Preservation of Discoverable Information.</u> The Parties do not currently anticipate any issues regarding the perseveration of evidence, which may also involve obtaining materials from third parties.

H. <u>Privilege Issues.</u> Other than discovery topic identified in Plaintiff's Anticipated Discovery Sought (above at 5(E)(2)), the Parties agree that there are no unique or special privilege issues in this matter. Parties agree to handle inadvertent

JOINT STATUS REPORT AND
DISCOVERY PLAN (2:20-cv-01813 RAJ) - 5

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

production of privileged information pursuant to Fed. R. Evid. 502(d) and (e) or otherwise in accordance with procedures agreed to by the parties.

    I. <u>Model Protocol for Discovery of ESI.</u>  The Parties agree to adopt the Model Agreement regarding Discovery of ESI to the extent that discovery of such information arises in this case, with modifications agreed to by both Parties

    J. <u>Alternatives to Model Protocol.</u>  See above.

**6. Discovery Cut-off.**

The Parties propose 120 days before trial as a deadline for completion of discovery, in accordance with the Court's Order.  Dkt. 14.  The Parties will be permitted to conduct expert discovery up to 45 days after the disclosure of expert reports and/or rebuttal expert reports mandated under Fed. R. Civ. P. 26(a).

**7. Bifurcation.**

Bifurcation is not anticipated at this time.

**8. Trial Date.**

The Parties' earliest availability for trial is February 2022.  In light of evolving conditions related to the COVID-19 outbreak in the District, including General Order No. 08-20, the Parties recognize that the trial date may be delayed.

**9. Jury.**

Plaintiff intends to file a jury demand.

**10. Length of Trial.**

The parties estimate approximately 5 court days.

**11. Trial Counsel.**

JOINT STATUS REPORT AND
DISCOVERY PLAN (2:20-cv-01813 RAJ) - 6

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

DATED this 14th day of January, 2021.

By: */s/ Jeremy F. Wood*
Ghazal Sharifi, WSBA #47750
Rebecca S. Widen, WSBA #57339
Jeremy F. Wood, WSBA #51803
Nyjat Rose-Akins, WSBA #41387

*Attorneys for Defendant*

By: */s/ Braden Pence*
Braden Pence, WSBA #43495

*Attorney for Plaintiff*

JOINT STATUS REPORT AND
DISCOVERY PLAN (2:20-cv-01813 RAJ) - 7

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200